ON REHEARING
PITMAN, J.
Defendant Bobby Smith requests rehearing of the judgment of this court which found that he had breached a lease agreement and a noncompete agreement and that an asset purchase agreement was enforceable. The judgment also affirmed the judgment of the trial court finding that Plaintiffs, Leah Stroope and the Unopened Succession of Stephen Alexander, d/b/a Exact Precast, and Alexander Memorial, owed Defendant a balance of only $36,033.09 on Defendant’s reconventional demand. Specifically, Defendant requests rehearing on that part of the ruling finding that he had breached the lease agreement and was not entitled to rent for the subject property after April 4, 2014. He asserts that that portion of the decision is manifestly erroneous. He also asks this court to construe the contracts as one instead of treating them as if they existed independently.
For the following reasons, the judgment in this case is affirmed.

ON REHEARING

Defendant argues that the decisions of this court and the court below are manifestly erroneous in finding that he breached the lease contract. He argues that a lessor has the right to rent the property to other persons when the property has been abandoned by the lessee and that he did not violate any obligation he had as lessor by reentering the abandoned premises. Further, Defendant claims he did not breach the lease since the property was left vacant from the time it was abandoned at the end of March 2014, until the day of trial in December 2014.
In his application for rehearing, Defendant admits that he placed a padlock on the gate of the leased premises and that he prevented Plaintiff from entering the premises shortly after suit was filed. He claims that his objective in placing the lock on the gate was not to stop use of the premises, but to stop Plaintiffs pillaging, and that he had a right to protect his lessor’s privilege as provided by La. C.C. art. 2707.
Defendant argues that his use of the property for a period of three or four days to produce a few pieces of precast does not show that he occupied the premises to the exclusion of Plaintiff. He claims he did not discourage or interfere with Plaintiffs use of the leased premises prior to her closure of the business at the end of March. On the contrary, he claims he accepted the reality that the business was closed and that the lease had been abandoned. His efforts were directed toward cleaning the property and finding another tenant.
Defendant states he is not criticizing the ruling of the court that Plaintiff did not abandon ownership of equipment and movables. His complaint is that she obtained ownership of them without paying for them. This, he complains, is unfair, and the unfairness was magnified many times when the district court condoned Plaintiffs removal of equipment before a final judgment and while this case was being sus-pensively appealed. Defendant’s application for rehearing addresses only the issue pertaining to the lease.

*631
DISCUSSION

To say that this record lacks clarity is an understatement, especially in regard to the lease agreement and the relief sought, and that which was ultimately granted, in the trial court. Neither party sued to cancel the lease. The trial court found Plaintiff had not abandoned the lease premises and that Defendant had breached the lease. The judgment of the trial court did not declare the lease either still in effect or void, but ordered payment of rents due only through April 4, 2014. Apparently, the trial court and the parties all assumed the lease had been' cancelled by virtue of the litigation.
These are the facts that can be gleaned from the appellate record with regard to the lease and who was in possession of the premises.-
Plaintiffs petition was filed May 15, 2014, and a preliminary injunction was issued on May 27, 2014.[1] Thereafter, Defendant filed a motion to increase the bond, and a hearing was held in June 2014. At that hearing, Defendant admitted that he put a lock on the gate after the trial court issued the preliminary injunction requiring that the equipment and other movables remain on the premises and after Plaintiff attempted to remove it. He stated that he put padlocks on the gates and doors and that his understanding was that the assets were supposed to be held in place until there was a determination by the court as to their ownership. When asked whether the order also stated that he could not encumber Plaintiffs property, he stated, “Possibly.” He further stated at that -hearing that Plaintiffs father had attempted to enter the locked premises and that her father claimed to have a court order that said all assets belonged to them and that they could do with them what they wanted, but Defendant refused to allow him in the premises. When specifically asked whether there were assets in the asset purchase agreement on the property, he answered affirmatively, and then stated that Plaintiff did not have access to that property because, “Gates are locked and I’ve asked them not to, not to come on the property.”
The trial of the matter was held in December 2014. At trial, Defendant testified that he reconvened against Plaintiff for rent due between the time he padlocked the premises in April and the date of trial because he could not lease the property to a third party during that time period. He stated that he had requested a waiver to allow him to move the equipment that was the subject of the asset purchase agreement to a lot in the back and to lease the premises to someone else in August or September, but that Plaintiff had refused.
The trial court requested post-trial memoranda from the parties. The record reflects that a document entitled “Ruling” was rendered by the trial court on April 13, 2015, which stated its reasons for ruling and made a finding that Defendant breached the lease agreement by occupying the premises and breached the non-compete agreement, and that Plaintiff did not abandon the premises. This decision *632 was not the final judgment of the court, which was not signed until July 13, 2015.
Between the time of the “Ruling” and the signing of the final judgment of the court on July 13, 2015, Defendant, on May 8, 2015, filed a petition for an injunction and complained that he intended to seek a suspensive appeal from the judgment of the trial court when the final judgment was rendered, and that Plaintiff and those acting on her behalf “broke into the property and removed”[2] certain, items, including vaults, lid racks, urn vaults, vault lowering devices, a Dodge truck, a gooseneck trailer, various templates and a Kubota backhoe. This request for injunction was denied and the trial court stated that it had reviewed the matter and noted that there was ho evidence of any prior order or judgment prohibiting Plaintiff from removing any of the assets from the premises. '
On September 22, 2015, Defendant filed another motion for a temporary restraining order and for a rule to show cause why an injunction should not issue in which he complained that Plaintiff and others were in the process of removing equipment from the “previously leased premises” thereby nullifying the effect of the suspensive appeal. We also note the irony of Defendant’s statement when he pointed out that self-help execution is not available under Louisiana Law. A hearing was held on that request for a preliminary injunction.
On October 1, 2015, the trial court issued “Reasons for Ruling” and denied Defendant’s request for an injunction prohibiting Plaintiff from removing equipment and movables from the “formerly leased premises.” The trial court stated that:
At the hearing, Mr. Smith indicated that he had now leased the subject premises to Mr. Granger. Ms. Stroope testified that Mr. Granger, the lessee, allowed her to enter the premises and obtain ..items located therein. Mr. Granger testified that when he arrived at the property, around 10:30 in the morning, Ms. Stroope was already there. He testified that there was never a question as to whether she was allowed to be there or not, as she was already there. However, he did not ask Ms. Stroope to leave the premises and he opened the office of the building and let her in. He testified that he gave Ms. Stroope permission to take the mirror and the printer and that she took those items.
There is no indication in the record when Plaintiffs visit to the premises occurred or when Defendant leased the subject property to Mr. Granger; but, apparently, Plaintiff was still locked out of the premises at the time Mr, Granger had to let her in.
Defendant cannot assert that he is entitled to rental on the subject property between March and December alleging that he left it vacant,, and also lock out the Plaintiff and deny her access to the property. He admits that he placed locks on the property because he did not want her removing the assets she had purchased. Although he claims it was not his intention to interfere with the lessee’s use of the property, that was certainly the effect. The trial court was in the best -position to hear the facts of the case and make that determination.
- The fact that Defendant was-holding her property hostage (and, we might note, contrary to the May 27, 2014 order of the court) does not bolster his claim that he is entitled to rents between March and De *633 cember. Had Defendant allowed Plaintiff to use the premises in accordance with the lease agreement, even if she wanted to remove the equipment and movables to another location, Plaintiff would have owed him rent for those months he claimed it remained “vacant” pending trial. However, by his own admission, he locked her out and denied her access to the premises and to her property located on the premises. For these reasons, we cannot find any manifest error in the ruling of the trial court that he was due rent only until April 4, 2014, the date he reentered the premises and locked Plaintiff out.
Further, by the trial court’s decision on Defendant’s request for injunction filed in September 2014, we note that, as of at least that date, Defendant had rented the property to someone else. We cannot discern when this happened; but it appears that, after the trial, all parties assumed the lease was cancelled, and Defendant cannot recover any rents due after that occurred.
For the foregoing reasons, we find this argument for rehearing to be without merit.
Further, we see no need to revisit the other issues mentioned in the application for rehearing as they appear to be nothing but statements of facts found by the trial court with which the Defendant disagrees. No issues have been raised or briefed that were not already addressed in the original opinion.

CONCLUSION

For the foregoing reasons, the judgment of this court is affirmed as clarified.
AFFIRMED.
CARAWAY, J., dissents for the reasons assigned in the original opinion.

. The order states as follows:
In considering the law, the evidence, and the arguments put forth by counsel today, I am enjoining the Defendant from in any manner whatsoever removing, altering, damaging, disposing or encumbering, any of the property, equipment, inventory or assets of the Plaintiff including those assets found within the asset agreement herein.
This injunction does not affect the Defendant’s lessor rights that he enjoys from the lease agreement or applicable state law.
The Petitioner is ordered to provide a bond in the amount of twenty thousand dollars ($20,000.00).

. Note that Defendant claimed Plaintiff "broke into” the leased premises. This indicates that Defendant certainly no longer believed he was leasing the property to the Plaintiff. In fact, he had locked her out of the premises in an effort to keep her away from the assets transferred under the sale of assets.